UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

DEANNA MATREECE WILLIS, )
　)
　Petitioner, )
　)
v. ) NOS. 3:08-cr-03; 3:09-cv-444
　) *Judge Jordan*
UNITED STATES OF AMERICA, )
　)
　Respondent. )

## MEMORANDUM OPINION

Acting *pro se*, Deanna Matreece Willis brings this motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, raising, as her sole ground for relief, a claim of ineffective assistance of counsel, [Doc. 32 in the criminal case].[1] The United States has filed a response, arguing that petitioner's claim has no merit and that this § 2255 motion should be denied, [Doc. 37]. It's arguments are well taken and, for the reasons which follow, petitioner's motion will be **DENIED**.

### I. Standards of Review

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct her judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to

---

[1] All subsequent citations to the record refer to the criminal case.

collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

A prisoner who is seeking to obtain collateral relief must clear a "significantly higher hurdle" than would exist on direct appeal. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Thus, petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

An evidentiary hearing is unnecessary if there are no material issues of fact in dispute or if the record conclusively shows that petitioner is not entitled to relief under § 2255. An evidentiary hearing is not required if a petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell*

*v. United States*, 2008 WL 4568076, * 2 (E.D. Tenn. Oct. 14, 2008). Mere vague conclusions, which are not substantiated by allegations of specific facts with some probability of verity, are not enough to warrant an evidentiary hearing. The Court finds no need for an evidentiary hearing in this case.

## II. Facts and Procedural History

The summary of the underlying facts is taken from petitioner's presentence investigation report. Petitioner's conviction arose from report by a concerned citizen of a burglary of a residence in Knoxville, Tennessee on December 14, 2007. One of the officers responding to the report observed two females walking through the backyard of the residence, the same two females whom the concerned citizen identified as having entered the home earlier. The homeowner had been contacted by the reporting citizen and had advised that no one should have been in his residence. An officer checked the front door, which had been locked, but not secured. The women were approached and one of the women was petitioner, who was intoxicated. They were placed into custody and searched. Found stashed in petitioner's belongings was black Lorcin, model L9mm, 99 millimeter caliber pistol. Petitioner admitted that she had taken the firearm from the residence. The firearm was not manufactured in Tennessee and would had to have affected Interstate Commerce to have reached Tennessee. Petitioner had been previously conviction in a court of a crime, punishable by a term of imprisonment exceeding one year, namely an aggravated assault in Knox County, Tennessee.

On January 21, 2008, the Grand Jury returned a one-count Indictment charging that petitioner had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, and had knowingly possessed, in and affecting commerce, a firearm, in violation of Title 18 U.S.C. § 922(g)(1). Later, petitioner pled guilty to the Indictment and for this offense, received a 92-month term, the lowest possible sentence in her guideline range. Petitioner did not file an appeal, but instead has submitted this instant § 2255 motion.

### III. Ground for Relief

Petitioner contends that she received ineffective assistance from her appointed counsels, Paula R. Voss and David H. Dupree.

A.  *Ineffective Assistance*

Petitioner charges her attorneys with a single error at the sentencing—a misstep, which she describes as amounting to constitutionally ineffective assistance.

*1. The Controlling Law.*

The Supreme Court has established a two-part test for determining when assistance of counsel in ineffective. *See Lockhart v. Fretwell*, 506 U.S. 364, 376-79 (1993); *Strickland v. Washington* 466 U.S. 668, 686-87 (1984). First, a petitioner must show that her counsels' errors were so egregious as to render counsels' performance constitutionally deficient, that is, outside the "wide range of professional assistance. *Strickland*, 466 U.S. at 687; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). The alleged errors or omissions must be evaluated from counsels' perspective at the time

the conduct occurred and under the circumstances of the particular case. *Strickland*, 466 U.S. at 689. As the Supreme Court explained, in order to show that counsel's performance was deficient, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

Second, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 454-455 (quoting *Strickland*, 466 U.S. at 694). A petitioner must demonstrate that, due to counsel's deficient performance, there was a "breakdown in the adversary process that rendered the result of the proceeding unreliable." *Id.* (quoting *Bell v. Cone*, 535 U.S. 685 (2002)). Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

2. *Allegations & Analysis*.

Petitioner asserts that the attorney error made in her case was the failure to argue for a downward departure, under U.S.S.G. § 5K2.13, based on her diminished capacity, given that a psychological evaluation performed on her diagnosed her as having learning disabilities and very low IQ. These mental disabilities could have

5

garnered her a lower sentence, she claims, had counsels urged the Court to consider them.

The United States objects to the motion on the ground that petitioner has not made the showing she must to obtain relief on her § 5K2.13 claim.

Under the Sentencing Guidelines, mental conditions, which are present to an unusual degree and distinguish a case from the typical cases, may be relevant in determining whether a departure is appropriate. See U.S.S.G. § 5H1.3. Diminished capacity may be a basis for a downward departure, where it is shown that a defendant committed the offense while suffering from "a significantly reduced mental capacity" and that her significantly reduced mental capacity "contributed substantially" to the offense. U.S.S.G. § 5K2.13. "The commentary in Application Note 1 states: For purposes of this policy statement—Significantly reduced mental capacity means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.'" *United States v. Heath*, 525 F.3d 451, 460 (6th Cir. 2008) (all internal quotation marks omitted). Thus, the test for establishing a "significantly reduced mental capacity" depends on whether petitioner can demonstrate that she had a significantly impaired ability to understand either the wrongfulness of the behavior or to control that behavior. *Id.*

Petitioner's bald allegations do not meet that test. First of all, petitioner's psychological evaluation resulted in a report which found her mentally competent, able

to understand the nature and consequences of the charges and proceedings against her, and able to assist properly in the defense of the charges brought against her, [Doc. 22, Order of U.S. Magistrate Judge H. Bruce Guyton]. While this does not fully rebut an allegation of significantly reduced mental capacity, it highlights the absence of any information or even any contention to show that she possessed a significantly impaired ability on December 14, 2007, such that she could not understand that it was wrong for her, as a convicted felon, to possess a stolen firearm or such that she could not exert control over the conduct which ultimately led to her standing in the backyard of a burglarized residence with a firearm stolen from that home secreted in her belongings. And too, there must be a causal connection between the significant mental impairment and the commission of the offense. Here, there is no causal connection alleged between petitioner's unspecified learning disabilities or her low I.Q. and her possession of the stolen firearms, as a convicted felon.

Petitioner's failure to flesh out these skeletal allegations of incompetent counsel with some supporting facts contravenes Rule 2(c) of the Rules Governing Section 2254 Cases, which requires a habeas corpus petitioner to "specify all the grounds for relief which are available" and "set forth in summary form the facts supporting each of the grounds thus specified." *See, e.g., James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972) ("Except for conclusional averments, h[er] petition supplied no factual material upon

which to test the validity of h[er] conclusions."). After all, to be entitled to habeas corpus relief, a petitioner must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Section 2254 Rules). "As the burden of overturning the conviction rests on the applicant, [s]he should allege specifically, in cases where material, the uncontradicted evidentiary facts appearing in the record upon which is based h[er] allegation of denial of constitutional rights." *Brown v. Allen*, 344 U.S. 443, 458 n.6, 73 S.Ct. 397, 408 n.6 (1953).

Because petitioner has not borne her burden to show deficient performance and prejudice resulting from her trial lawyers' actions or omissions, her motion to vacate based on a single ineffective-assistance claim will be dismissed. *Adamson v. Nash*, 218 F.Supp. 841, 844-845 (D.C.Mo. 1963) (noting than a prisoner should be required to "outline the facts upon which his claim is predicated so that such a claim may be intelligently and fairly dealt with").

## IV. Conclusion

For the reasons indicated above, petitioner's § 2255 motion to vacate, set aside or correct her sentence will be **DENIED** and this action will be **DISMISSED**.

## V. Certificate of Appealability

The Court must now consider whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if she is issued a COA, and

a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has individually assessed petitioner's claim under the relevant standards and finds it does not deserve to proceed further because it has no viability in light of the governing law. Thus, jurists of reason would not conclude the disposition of the claim was debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

An appropriate order will be entered separately.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE